CLERK'S OFFICE U.S. DIST. COURT
AT LYNCHBURG, VA
FILED for Charlottesville
OCT 1 2 2005
JOHN F. CORCORAN, CLERK
BY: Fay Coleman
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
CHARLOTTESVILLE DIVISION

| | |
|---|---|
| MICHAEL D. GRAZIANO,<br><br>         *Plaintiff,*<br><br>v.<br><br>JO ANNE B. BARNHART,<br>COMMISSIONER OF SOCIAL SECURITY,<br><br>         *Defendant.* | CIVIL ACTION NO. 3:04-CV-00073<br><br><br>MEMORANDUM OPINION<br><br><br>JUDGE NORMAN K. MOON |

  This case comes before the Court on the Commissioner of Social Security's objections to the July 11, 2005 Report and Recommendation of the presiding United States Magistrate Judge. The Magistrate Judge recommended that the Court remand the final decision of the Commissioner for further proceedings. For the reasons set forth below, the Commissioner's objections shall be overruled, the Magistrate Judge's Report and Recommendation shall be adopted as modified in this Memorandum Opinion, and the Commissioner's decision shall be remanded to the Commissioner for further proceedings.

### BACKGROUND

  On February 6, 2002, Plaintiff Michael D. Graziano ("Graziano") applied to the Social Security Administration for Disability Insurance Benefits under Title II of the Social Security Act, 42 U.S.C.A. §§ 401-33 (2005). Graziano alleged that he became disabled on June 1, 2001, due to clinical depression, atrial fibrillation, numbness in his left arm and right leg, and two

bulging discs in his back (R. 64–68, 78). Plaintiff saw a psychologist, Dr. Elizabeth Hrncir, in May 2002, who found his profile to be consistent with a major depressive disorder and generalized anxiety disorder. Several doctors had also examined Graziano due to his atrial fibrillation, chest pain, and dizziness. However, the Virginia Disability Determination Service denied the claim, both initially and on reconsideration (R. 36–38, 40–42).

Plaintiff then requested a hearing from an administrative law judge ("ALJ"), which was held on June 1, 2003 (R. 312–52). At the hearing, Graziano amended his onset of disability date to October 1, 2002 (R. 315). The ALJ heard testimony from Graziano and the Vocational Expert, and ordered that Plaintiff should receive a psychiatric consultation before making a final determination (R. 350–351).

Graziano did not receive a psychiatric consultation, however, as ordered at the hearing. Instead, he underwent a second examination by another psychologist, Dr. Robert L. Muller. Dr. Muller found that Graziano's problems were mostly physical, diagnosing him with only a moderate dysthmic disorder (R. 272).

In his decision, the ALJ found that although plaintiff's impairments were severe, they did not amount to or equal the impairments listed in Appendix 1 of the Regulations (20 C.F.R § 404, Subpart P, Appendix 1) (R. 30). The ALJ also noted that there were inconsistencies in Graziano's testimony which detracted from his credibility, including his collection of unemployment benefits while attempting to obtain disability benefits (to obtain employment benefits, Plaintiff must have certified that he was able to work), and his testimony that he did not drink when there was evidence to the contrary (R. 28). Finally, the ALJ found that Plaintiff had the residual functional capacity to "perform simple, repetitive, light work which does not involve

lifting more than twenty pounds occasionally and ten pounds frequently." (R. 30). The ALJ also determined that Graziano "has limited social skills and requires a temperature controlled environment without exposure to hazards such as moving machinery or unprotected heights." *Id.* As a result of these findings and the Vocational Expert's testimony at the hearing, the ALJ concluded that Plaintiff was capable of adjusting to jobs that exist in significant numbers in the national economy, and was not under a disability as defined in the Social Security Act. *Id.*

Graziano submitted additional evidence while the case was on administrative appeal to the Appeals Council. This evidence included treatment records from Dr. Marvin Katz, dated July 2001 to May 2004, as well as treatment records from Region X Community Mental Health Services, dated December 2003 to March 2004. The Appeals Council considered this evidence, but adopted the ALJ's holding as a final decision of the Commissioner without explaining its reasoning (R. 6).

After the adverse decision of the Appeals Council, Plaintiff brought the instant action, and the matter was referred to the Magistrate Judge to set forth findings, conclusions, and recommendations for its disposition. *See* 28 U.S.C.A. § 636(b)(1)(B) (2005). On July 11, 2005, the Magistrate Judge recommended that the case be remanded to the Commissioner for further proceedings. He reasoned that the ALJ had not sufficiently explained the weight given to the second psychological evaluation; that the questions that the ALJ asked the Vocational Expert did not reflect the new evidence found by the second evaluation or the new evidence presented to the Appeals Council; and that the Appeals Council had not properly explained its rejection of the new evidence presented by Plaintiff on appeal.

The Commissioner filed timely objections to the Magistrate's Report and

3

Recommendations, contending that the decision had been supported by substantial evidence because of an inconsistency in Plaintiff's testimony. Plaintiff then filed a response to those objections.

## ANALYSIS

### I. STANDARD OF REVIEW

This Court reviews *de novo* those portions of the Report and Recommendations to which objections were made. *See* 28 U.S.C.A. § 636(b)(1) (2005). When examining the findings of the Commissioner, however, the scope of judicial review is much narrower: the Court must uphold the Commissioner's findings which are supported by substantial evidence. *Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990). Substantial evidence is defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)).

### II. REASONING

#### A. The ALJ's Decision

First, the Magistrate recommends that the Court remand the case because the ALJ failed to indicate why more weight was given to the second evaluation of Plaintiff than the first. In Plaintiff's first evaluation, psychologist Dr. Elizabeth Hrncir diagnosed a severe depressive disorder. In the second evaluation, which the ALJ ordered, a different psychologist diagnosed Plaintiff with a moderate dysthmic disorder. (R. 271–275).[1] The ALJ found that the Plaintiff

---

[1] The Magistrate Judge also found it significant that the ALJ originally expressed a desire for a *psychiatric* evaluation of Plaintiff, but for unknown reasons, instead ordered a *psychological* evaluation from someone other than Plaintiff's original doctor, thereby failing to obtain a longitudinal view of Plaintiff's condition. The Court does not find that this difference is of significance.

4

had experienced mild depressive symptoms, thereby implicitly relying on the second evaluation. However, the ALJ did not explain his reasoning for rejecting the first evaluation and accepting the second. In fact, the ALJ failed to mention the evaluations at all. The ALJ did note that "if the claimant had significant symptoms or limitations due to a mental impairment, it would be reasonable to expect that the treating physicians would refer the claimant for treatment by a mental health professional..." (R. 26). However, this is more of a disagreement with Dr. Hrncir's actions than a reason to disbelieve the diagnosis of severe depression. The ALJ also failed to include the specific limitations mentioned in either evaluation when posing hypothetical questions to the Vocational Expert. The Appeals Council did not mention the two evaluations.

The Court cannot determine if findings are supported by substantial evidence if the ALJ does not indicate the weight given to all of the relevant evidence. *Gordon v. Schweiker,* 725 F.2d 231, 235 (4th Cir. 1984) (citing *Myers v. Califano,* 611 F.2d 980, 983 (4th Cir. 1980)); *Arnold v. Secretary,* 567 F.2d 258, 259 (4th Cir. 1977). If the ALJ does not explain his findings, holding that the decision is supported by substantial evidence "approaches an abdication of the court's 'duty to scrutinize the record as a whole to determine whether the conclusions reached are rational.'" *Arnold,* 567 F.2d at 259 (citations omitted). Because neither the ALJ nor the Appeals Council explained the Commissioner's reasoning in relying on the second, rather than the first evaluation, this Court does not know the basis for the Commissioner's decision, and thus cannot determine whether substantial evidence supports the Commissioner's findings. *Id.*

Defendant argues that despite the problems noted above, substantial evidence supports the Commissioner's decision because of a statement, reported by a therapist, that Plaintiff was working full-time. Thus, Defendant contends, the ALJ could fairly have determined that

5

Plaintiff's story was not credible, and denied benefits. The court gives great deference to the ALJ's factual determinations and credibility assessments and reviews them only for clear error. *See Estep v. Richardson*, 459 F.2d 1015, 1017 (4th Cir. 1972); *Newport News Shipbuilding and Dry Dock Co. v. Tann*, 841 F.2d 540, 543 (4th Cir. 1988). However, the ALJ did not rely on the above remark, finding that Plaintiff did not perform substantial gainful activity in the period at issue, and later noting that Plaintiff was not currently working full-time (R. 22, 28). Furthermore, one statement, reported second-hand, does not counteract the weight of the wage records and testimony indicating that Plaintiff was working only part-time. As a result, Defendant's argument fails.

Finally, Defendant argues that the record as it stands supports the Commissioner's opinion by a substantial weight of the evidence. However, as previously explained, the Court cannot properly determine whether the Commissioner's decision is supported by the substantial weight of the evidence unless the ALJ has indicated the weight which he has given to all the relevant evidence. *Arnold*, 567 F.2d at 259 (citations omitted). Therefore, this argument also fails.

### B. The Appeals Council's Decision

The Magistrate Judge also recommended that the case be remanded to the Commissioner because the Appeals Council failed to consider new and material evidence submitted by Plaintiff on appeal. The Plaintiff submitted treatment records to the Appeals Council which the ALJ had not previously seen. The Appeals Council specifically noted that it considered this evidence in making its decision (R. 9); however, the Council denied the request for review without explaining its reasoning for rejecting the evidence.

Case 3:04-cv-00073-NKM-BWC   Document 23   Filed 10/12/05   Page 6 of 8   Pageid#: 71

The Appeals Council must consider newly-submitted evidence if it is 1) new; 2) material; and 3) related to the period on or before the ALJ's decision. *Wilkins v. Secretary*, 953 F.2d 93, 95–96 (4th Cir. 1991) (citations omitted). In *Wilkins*, the Fourth Circuit found that the Appeals Council was correct to consider such additional evidence. In that case, the plaintiff had been diagnosed with major depression, but had not sought help for her condition for five years after the diagnosis. *Id.* at 94. The ALJ found that the plaintiff was disabled from the date that she had again sought help from a physician. *Id.* at 94–95. After the ALJ's decision, the treating doctor submitted a letter stating that the plaintiff had been depressed before beginning treatment again. The Fourth Circuit found that this evidence was new, because no other evidence had addressed the topic; material, because it might reasonably have changed the ALJ's decision; and related to the relevant time period. Thus the Court held that the Appeals Council was correct in considering the additional evidence. *Id.* at 96.

In this case, Plaintiff sought mental health treatment immediately after the ALJ's decision. The additional submitted evidence describes Plaintiff as chronically depressed, constantly exhausted, lacking in motivation, and experiencing hopelessness. (R. 284, 298). The record suggests that Plaintiff was depressed during the relevant time period; there is no other evidence that specifically described Plaintiff's condition as serious during this period; and the evidence could reasonably have altered the ALJ's decision that Graziano was only suffering from mild depression. Thus, the evidence was both new and material, as well as focused on the relevant time period, and the Appeals Council was correct in considering it. *See id.* at 96.

When the Appeals Council denies review, the ALJ's decision becomes the final finding of the Commissioner, and the District Court must consider the whole record, including newly-

7

submitted evidence that the Appeals Council considered, to determine whether substantial evidence supports the ALJ's decision. *Wilkins*, 953 F.2d at 96 (citations omitted). If the additional evidence is "contradictory, presents material competing testimony, or calls into doubt any decision grounded in the prior medical reports" a remand is appropriate, in order that the Commissioner may weigh and resolve the conflicting evidence. *Davis v. Barnhart*, No. 3:04-CV-00075, at *6 (W.D. Va. October 6, 2005).

Here, the Appeals Council considered Plaintiff's mental health treatment records, as is appropiate for any new and material evidence, but failed to give any explanation for its decision to reject the evidence. This Court cannot conduct a meaningful review of the record to determine if substantial evidence supported a holding without any awareness of the reasoning behind the decision. *See Riley*, 88 F. Supp. 2d at 580. Thus, the case must be remanded to the Commissioner for further proceedings.

## CONCLUSION

Accordingly, the Court affirms and adopts the Magistrate Judge's opinion with respect to the conclusion that the Commissioner's decision is remanded to the Commissioner for further proceedings. An appropriate order shall issue this day.

ENTERED: /s/ Norman K. Moon

United States District Judge

10-12-05

Date

8